*341
 
 Battle, J.
 

 The only question presented by the pleadings for our consideration is, whether the defendant has a preference over or is to share equally with the other creditors, mentioned as the second class in the deed of trust, executed for their benefit, by Cox & Andrews. The clause upon which the controversy arises,, is as follows: “ Secondly. To pay and discharge, in full, the several and respective debts, notes, bonds, obligations and sums of money due, or to grow due, from the said party of the first part, for which they are jointly liable to the said party of the second part, pay to L. S. Webb, cashier of the Branch Bank of the State of North Carolina, at Windsor, Kader Biggs & Co., of Norfolk, Virginia,, and Britton, Todd
 
 &
 
 Young, of Petersburg, Virginia, the several and respective debts, notes, bonds and sums of money due, or to grow due-, to them.”
 

 As the funds, in the-hands of the defendant, as trustee; are not sufficient to pay all- the debts specified in this class, the general rule, that among those standing on the same footing, “ equality is equity,” must prevail, unless there be a clear manifestation of a purpose, in the makers of the deed, to give to one or more of the creditors a preference- over the others. We think there is sncli a purpose indicated in favor of the defendant, and that the clause of the deed, in question, will not fairly admit of any other construction. The debts due the defendant are first mentioned, and it is declared that they are to be paid and discharged
 
 in
 
 full, while the provision, in favor of the other creditors, is simply, that they are to be paid. The counsel for these creditors insists, that to pay, and to pay in full, means the same tiling. That may perhaps be so when the expressions are applied to the same debt, but the former expression is manifestly stronger than the latter, when applied to different debts. The -sentence in which the debts due the defendant,, are secured,, is, in its meaning, a distinct one from that in which the-other debts-of the second class are provided for, although only separated from it, in the manuscript, by a comma. The repetition of tbe verb,
 
 “
 
 to pay,” shows this, as we think, very clearly, and
 
 *342
 
 and we do not feel at liberty to disregard the force of the words,
 
 “
 
 in full,” annexed to that verb in the first sentence. The grantors, in the deed of trust, thought, no doubt, that all the debts, specified in the second class, would be fully paid out of the effects which thej had conveyed to the trustee, and they did not, therefore, provide expressly for a
 
 pro rata
 
 distribution among the creditors of that class, as they did with respect to those of the third class, as to whom a deficiency of funds was apprehended. Still, a suspicion seems to have crossed the minds of the debtors, suggested, probably, by the trustee himself, that there might not be enough of funds to discharge the debts due to him and the other creditors put in his class, and it was to meet such a contingency, that it was provided that, at all events, his debts should be paid in full. Being a creditor himself, the trustee very naturally, and not unreasonably, desired to have his own debts made secure in priority to all others, and in our opinion, his purpose was accomplished by the language upon which we have commented. There must be an account and a distribution of the funds in the hands of the trustee, upon the principle declared in this opinion.
 

 Pee CuRiAM, ‘ Decree accordingly. '